UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMUEL BETANCOURT,
    Petitioner,

v.                                           Case No. 8:20-cv-709-KKM-CPT

SECRETARY, DEPARTMENT
OF CORRECTIONS,
    Respondent.
_____

## ORDER

Samuel Betancourt, a Florida prisoner, filed a pro se amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 in which he contends that he is actually innocent. (Doc. 17.) In the response, Respondent asserts that the petition should be dismissed as untimely. (Doc. 20.) In his reply, Betancourt contends, in the alternative to his claim of actual innocence, that he is entitled to equitable tolling. (Doc. 23.) He fails to prove either exception for review of an untimely petition. As such, the Court dismisses the petition as time-barred. Because reasonable jurists would not disagree, a certificate of appealability is not warranted.

I.    **BACKGROUND**

A state court jury convicted Betancourt of burglary with an assault and manslaughter. (Doc. 14-2, Ex. 5, pp. 367-68.) The trial court sentenced him to consecutive prison terms of 25 years for burglary with an assault and 15 years for manslaughter. (*Id.*,

Ex. 7.) The state appellate court per curiam affirmed Betancourt's convictions and sentences. (*Id.*, Ex. 8.) Betancourt filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (*Id.*, Ex. 11.) The state court denied the motion after an evidentiary hearing. (*Id.*, Ex. 18.) Betancourt filed a petition for belated collateral appeal. (*Id.*, Ex. 20.) The state appellate court granted his petition for belated appeal and affirmed the denial of postconviction relief. (*Id.*, Exs. 23 & 24.)

## II.     TIMELINESS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under the AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. This limitation period begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

The state appellate court affirmed Betancourt's convictions and sentences on October 16, 2015. (Doc. 14-2, Ex. 8.) His judgment became final on January 14, 2016, when the 90-day period to petition the Supreme Court of the United States for a writ of certiorari expired. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). After 362 days

of untolled time elapsed, Betancourt filed his postconviction motion on January 11, 2017. (*Id.*, Ex. 11, p. 44.) The state court's final order denying the motion was entered on October 3, 2018. (*Id.*, Ex. 18.) Betancourt's motion remained pending for purposes of § 2244(d)(2) until the 30-day period to file an appeal expired on November 2, 2018. *See* Fla. R. Crim. P. 3.850(k) (stating an appeal may be taken within 30 days of the rendition of the final order disposing of a postconviction motion); *Cramer v. Sec'y, Dep't of Corr.*, 461 F.3d 1380, 1383-84 (11th Cir. 2006) (holding that a postconviction claim "remains pending until the time to seek review expires"). Betancourt therefore had three days, until November 5, 2018, to timely file his § 2254 petition or another tolling application in state court. Betancourt did not do so.

Betancourt's petition for a belated postconviction appeal does not affect the timeliness analysis because it was filed on March 18, 2019, after the AEDPA limitation period had expired. (Doc. 14-2, Ex. 20.) *See Bernadeu v. McNeil*, 432 F. App'x 823, 824 (11th Cir. 2011) (stating that a petition for belated postconviction appeal "filed after the § 2244 statute of limitations has expired, 'it does not reset or restart'" the limitation period (quoting *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003))); *Hollinger v. Sec'y, Dep't of Corr.*, 334 F. App'x 302, 304-05 (11th Cir. 2009) (providing that a belated postconviction appeal does not statutorily toll the limitation period when the period has

3

already expired). Accordingly, Betancourt's § 2254 petition, filed March 23, 2020, is untimely under § 2244(d).[1]

### A. Actual Innocence

Betancourt contends that he is actually innocent and therefore avoids the time bar. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (permitting review of an untimely § 2254 petition if petitioner proves his actual innocence). To prove his actual innocence, Betancourt must establish that in the light of new evidence, "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). The category of cases that will satisfy this standard is "severely confined." *Perkins*, 569 U.S. at 394-95. Betancourt alleges in a conclusory manner that his case involves the "conviction of an actually innocent person." (Doc. 17, p. 19.) That argument is a conclusion, and Betancourt fails to present new evidence to support it. In the absence of new evidence, there is no analysis left for the Court to do to determine whether no reasonable juror would have voted to convict him. *See* Perkins, 569 U.S. at 368. Accordingly, he is not entitled to review of his untimely petition on the basis that he is actually innocent.

### B. Equitable Tolling

---

[1] Betancourt's original § 2254 petition was filed on March 23, 2020. For purposes of this order, the Court assumes that the amended petition, which was filed on June 8, 2021, relates back to the original filing date. *See* Fed. R. Civ. P. 15(c)(1).

Betancourt next contends that he is entitled to equitable tolling from November 2, 2018, the date his time to file a postconviction appeal expired, until the time his subsequent belated appeal was decided. If Betancourt is entitled to equitable tolling for this period, his § 2254 petition would be deemed timely because the belated appeal was not resolved until April 2020, after Betancourt filed his § 2254 petition in March 2020. Betancourt has not shown entitlement to equitable tolling. (Doc. 14-2, Ex. 27.)

Section 2244(d) "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" of his § 2254 petition. *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). A petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). The diligence required is "reasonable diligence," not "maximum feasible diligence." *Holland*, 560 U.S. at 653 (internal quotation marks and citations omitted).

Because this is a "difficult burden" to meet, the Eleventh Circuit "has rejected most claims for equitable tolling." *Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 701 (11th Cir. 2004); *see also Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) ("[E]quitable tolling applies only in truly extraordinary circumstances."); *Steed v. Head*,

5

219 F.3d 1298, 1300 (11th Cir. 2000) ("Equitable tolling is an extraordinary remedy which is typically applied sparingly."). "[T]he burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner" and "[m]ere conclusory allegations are insufficient to raise the issue of equitable tolling." *San Martin*, 633 F.3d at 1268. The applicability of equitable tolling is determined on a case-by-case basis. *See Holland*, 560 U.S. at 649-50.

Betancourt argues that he is entitled to equitable tolling because he did not receive the state postconviction court's October 3, 2018, final order denying his postconviction motion and therefore could not timely file a notice of appeal. Betancourt states that he visited the prison law library on February 1, 2019, and accessed his state court docket online. He alleges that "[t]his is when he was initially informed that the State trial court had entered a final order back on October 3, 2018, unbeknownst to him and without receiving a copy of the final order pursuant to Rules of Criminal Procedure." (Doc. 23, p. 4.) Betancourt states that he filed a request for documents with the state clerk of court on February 5, 2019, and a petition for belated appeal on March 18, 2019. (*Id.*)

Betancourt attaches a mailing envelope from the state clerk of court addressed to him and mailed on October 4, 2018, one day after entry of the final order denying postconviction relief. (*Id.*, p. 12.) The address to which the envelope was mailed is redacted. (*Id.*) The envelope was returned to the state clerk of court and was filed on the state court

6

docket on October 19, 2018. (*Id.*) It contains a hand-written note that states, "RTS Out of Dept. of Corrections Custody." (*Id.*) Although the Court cannot determine where the envelope was sent or what it contained, these circumstances are consistent with Betancourt's allegation that he did not receive a copy of the final order.

But Betancourt does not establish an extraordinary circumstance that prevented him from timely filing his § 2254 petition. *See Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002) ("[N]ot in every case will a prisoner be entitled to equitable tolling until he receives notice. Each case turns on its own facts."). As an initial matter, there is no indication of any failure on the part of the state court or the state clerk of court in attempting to provide Betancourt with a copy of the order. Furthermore, Betancourt does not establish that he could not have learned of the order earlier. Betancourt's postconviction evidentiary hearing took place on September 14, 2018. (Doc. 14-2, Ex. 17.) Betancourt did not attempt to ascertain the status of the motion for four and a half months, until February 1, 2019.

Betancourt says the state court gave him a "personal assurance of a written order" at the end of the evidentiary hearing. (Doc. 23, p. 3.) *See, e.g., Knight*, 292 F.3d at 711 (stating that the petitioner was entitled to equitable tolling when the state court's order did not reach him because the clerk of court's office "assured him that he would be notified as soon as a decision was made" and that he "demonstrated diligence in pursuing information

7

when it did not do so"). But the transcript of the state court evidentiary hearings shows that the court merely stated it would enter a written order without assuring Betancourt that it would contact him. (Doc. 14-2, Ex. 17, p. 88.)

Furthermore, based on this statement, Betancourt was aware that an order was forthcoming. And his accessing the online docket on February 1, 2019, shows that he knew how to look for information about his case and that the online docket was a source of information. Betancourt does not establish that he could not look up his docket sooner. Thus, he has not shown that the fact he did not receive the order was an extraordinary circumstance outside of his control or that he acted with reasonable diligence in pursuing his rights.

In addition, Betancourt allowed 362 days, nearly the entire AEDPA limitation period, to elapse before filing his state postconviction motion. Knowledge of the AEDPA deadline is imputed to all federal habeas petitioners. *See Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013) ("As with any litigant, pro se litigants 'are deemed to know of the one-year statute of limitations.'" (quoting *Outler v. United States*, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007))). Betancourt offers no explanation why he could not have filed the motion sooner, which would have left him with more than three days remaining on the AEDPA limitation period. And considering this self-imposed short turnaround time, Betancourt needed to make efforts to stay informed of the status of his postconviction

proceedings. *See Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("We remind petitioners that . . . care must be taken to assure that sufficient time remains within the federal statutory period to file the federal petition. . . . [S]hould a petitioner wait to file his state petition until only a week remains before the expiration of the one year federal limitation period, he or she will only have a week left to file a federal petition before the federal limitation period has expired."). "[E]fforts to learn the disposition of pre-federal habeas steps are crucial to determining whether equitable tolling is appropriate." *San Martin*, 633 F.3d at 1269. Under these circumstances, Betancourt has not shown extraordinary circumstances or the exercise of reasonable diligence that warrant equitable tolling.

     Finally, Betancourt contends that Respondent is estopped from opposing his § 2254 petition as untimely because the State did not object to his petition for belated postconviction appeal. But the fact that the State did not oppose his obtaining a belated postconviction appeal in state court does not control this Court's equitable tolling analysis for purposes of Betancourt's § 2254 federal habeas petition. Again, because equitable tolling is appropriate only in truly exceptional cases, it rarely applies to afford review of an otherwise untimely § 2254 petition. *See Diaz*, 362 F.3d at 701; *Johnson*, 340 F.3d at 1226; *Steed*, 219 F.3d at 1300. For the reasons addressed above, Betancourt does not establish that equitable tolling is warranted.

## III. CERTIFICATE OF APPEALABILITY

Betancourt is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to COA. 28 U.S.C. § 2253(c)(1). The district court or circuit court must issue a COA. *Id.* To obtain a COA, Betancourt must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time-barred, Betancourt cannot satisfy the second prong of the *Slack* test. As Betancourt is not entitled to a COA, he is not entitled to appeal in forma pauperis.

The Court therefore **ORDERS** that Betancourt's amended petition (Doc. 17) is **DISMISSED** as time-barred. The **CLERK** is directed to enter judgment against Betancourt and in Respondent's favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on January 5, 2023.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge

10